UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

JESSICA TOWNS, on behalf of himself and
all others similarly situated,

                          Plaintiff,

                v.

L'OREAL USA INC., d/b/a YOUTH TO THE
PEOPLE; d/b/a CERAVE,

                        Defendant.

-----------------------------------------------------------------

Docket No.

**CLASS ACTION
COMPLAINT &
DEMAND FOR
JURY <u>TRIAL</u>**

       Plaintiff, JESSICA TOWNS**,** ("Plaintiff" or "Ms. Towns"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, L'OREAL USA INC., d/b/a YOUTH TO THE PEOPLE d/b/a CERAVE ("Defendant"), hereby alleges as follows:

<u>**INTRODUCTION**</u>

      1.    Plaintiff, Jessica Towns, a resident of Bronx County, is permanently disabled due to posterior vitreous detachment resulting in total blindness in her right eye with no light perception, as certified by Dr. Michelle Bangiyev, OD, of Pelham Gardens Eye Associates, Bronx, NY. The certification, dated January 1, 2025, further confirms that Ms. Towns's left eye has visual acuity of less than 20/200, rendering her legally blind. **(see Exhibit A)** Ms. Towns is unable to read printed materials and relies on screen-reading software to access digital content.

      2.    Ms. Towns is an avid and proficient user of the NVDA (NonVisual Desktop Access) screen reader, which she relies on daily to navigate digital environments independently.

Having completed structured training through Lighthouse Guild programs, she uses NVDA to access websites, email, and legal documents with precision and confidence. Her fluency with keyboard commands and screen-reading protocols enables her to engage with complex content, including PDF forms and online portals, without assistance. NVDA's compatibility with her preferred assistive technologies has made it an indispensable tool in her pursuit of autonomy and digital accessibility.

3.     Plaintiff brings this civil action against Defendant L'Oréal USA, Inc., doing business as Youth To The People and CeraVe, for its failure to design, construct, maintain, and operate its public-facing websites, www.youthtothepeople.com and www.cerave.com—in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to these websites—and therefore to the essential products and services offered therein—violates Plaintiff's rights under the Americans with Disabilities Act (ADA).

4.     Defendant L'Oréal USA, Inc. is a New York corporation with its principal place of business at 10 Hudson Yards, New York, NY 10001. It owns and operates the brands Youth To The People and CeraVe, both of which maintain interactive websites offering nationwide access to skincare products, ingredient education, subscription services, and personalized product recommendations.

5.     Youth To The People and CeraVe are marketed as inclusive skincare brands with national reach. Despite their commercial success and parent-level resources, both websites remain inaccessible to blind users. Plaintiff's counsel conducted independent accessibility audits of www.youthtothepeople.com and www.cerave.com, confirming persistent WCAG violations.

These include missing alternative text, unlabeled form fields, keyboard navigation traps, inaccessible modal dialogs, and lack of ARIA roles, skip links, and semantic structure.

6.     Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York.

7.     Congress has issued a clear and national mandate to eliminate discrimination against individuals with disabilities. Such discrimination includes barriers to full integration, independent living, and equal opportunity—barriers that are perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. Both New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.     Plaintiff is personally invested in maintaining her skincare regimen and relies on ingredient transparency due to dermatological sensitivity. She specifically sought out Youth To The People and CeraVe because of their reputations for clean formulations and educational content. Plaintiff attempted to browse both websites to learn about ingredients, build a personalized routine, and complete a purchase. However, unless Defendant remediates the access barriers, Plaintiff will remain unable to independently navigate, browse, or transact. Defendant's failure to provide equal access to blind users constitutes a violation of the ADA.

9.     Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that its websites become and remain accessible to blind and visually

impaired users.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq.

11.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

12.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts substantial and continuous business in this District through its interactive websites, www.youthtothepeople.com and www.cerave.com. . Plaintiff has repeatedly accessed and attempted to use both websites from her residence in Bronx County, which falls within the Southern District of New York. A significant portion of the discriminatory conduct giving rise to this action occurred within this District.

13.    Defendant L'Oréal USA, Inc. is registered to do business in New York State and actively targets New York consumers through its branded websites and retail distribution channels. Defendant has committed and continues to commit the acts alleged herein in this District, violating the rights of blind consumers and causing injury to individuals within this jurisdiction. Courts routinely support venue placement where the plaintiff attempted and failed to

4

access the website. In *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), Judge Patti B. Saris held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." *Id.* at 294. This satisfies Due Process because the harm—the denied access—occurred within the forum. *Id.* at 293. Similarly, in *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), Judge Nathaniel M. Gorton found that the defendant "availed itself of the forum state's economic activities by targeting the residents of the Commonwealth," which supported venue placement. *Id.* at *11.

14.     Jurisdiction and venue are therefore proper in this District because Plaintiff resides here, Defendant targets and transacts with consumers here, and courts have consistently held that accessibility barriers encountered by users within the District provide a sufficient basis for personal jurisdiction over out-of-state operators.

## THE PARTIES

15.     Plaintiff, Jessica Towns, is and was at all relevant times a resident of Bronx County, New York.

16.     Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). She has no light perception in her right eye and visual acuity below 20/200 in her left eye, as certified by Dr. Michelle Bangiyev, OD, of Pelham Gardens Eye Associates. Plaintiff is unable to read printed materials and relies exclusively on screen-reading software,

including NonVisual Desktop Access ("NVDA"), to access digital content. She has completed formal orientation and mobility training through Lighthouse Guild programs and remains highly motivated to maintain independence through assistive technology.

17.    Upon information and belief, Defendant L'Oréal USA, Inc. is a New York corporation with its principal place of business at 10 Hudson Yards, New York, NY 10001. Defendant owns and operates the brands Youth To The People and CeraVe, both of which maintain interactive websites—www.youthtothepeople.com and www.cerave.com—offering nationwide access to skincare products, ingredient education, subscription services, and personalized product recommendations.

18.    Defendant's websites function as commercial places of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant has maintained control over the design, coding, and digital infrastructure of both websites and is responsible for ensuring their compliance with applicable accessibility standards, including the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA. Despite nominal references to accessibility, both websites lack meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the websites inaccessible to blind users and place Defendant on constructive notice of noncompliance.

## NATURE OF ACTION

19.    This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of two public-facing websites—www.youthtothepeople.com and www.cerave.com—that deny blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to

6

access both websites using screen-reading software but encountered persistent access barriers that prevented meaningful engagement with their services. Defendant's failure to design and maintain its websites in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

20.    The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike.

21.    In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

22.    Plaintiff Jessica Towns is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. She has no light perception in her right eye and visual acuity below 20/200 in her left eye, as certified by Dr. Michelle Bangiyev, OD. Plaintiff relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to access digital content. She has completed formal orientation and mobility training through Lighthouse Guild programs and remains highly motivated to maintain independence through assistive technology.

7

23.     Plaintiff suffers from  dermatological sensitivity and relies on ingredient transparency when selecting skincare products. She specifically sought out Youth To The People and CeraVe because of their reputations for clean formulations, educational overlays, and diagnostic tools. These platforms offer proprietary product matching quizzes, curated bundles, and ingredient-level disclosures not replicated elsewhere.

24.     On August 21 and August 25, 2025, Plaintiff attempted to access www.youthtothepeople.com and www.cerave.com from her residence in Bronx County. She sought to browse product offerings, complete interactive quizzes, and purchase specific formulations, including:

- Youth To The People's Adaptogen Deep Moisture Cream and Superfood Cleanser
- CeraVe's PM Facial Moisturizing Lotion and AM Facial Moisturizing Lotion with SPF 30

25.     While navigating both sites with NVDA, Plaintiff encountered persistent accessibility barriers that obstructed her ability to engage with the platforms without sighted assistance. These included:

☐ Unlabeled buttons blocking access to cart and account features

☐ Missing alt text on promotional graphics and product images

☐ Keyboard traps and inaccessible modal dialogs

☐ Broken links and duplicate IDs

☐ Improper heading structure and lack of semantic navigation

☐ Inconsistent ARIA roles and non-descriptive link text

26.     A SortSite accessibility audit of www.youthtothepeople.com revealed extensive WCAG violations across hundreds of pages, including broken links, ARIA-hidden focusable content, empty buttons, and inaccessible form fields. A WAVE scan of www.cerave.com confirmed similar violations, including missing alt text, empty headings, low contrast errors, and noncompliant checkout flows.

27.     These barriers prevented Plaintiff from comparing ingredients, completing diagnostic quizzes, and executing purchases independently. Despite multiple attempts, she was excluded from meaningful participation in the shopping experience and denied equal access to both brands' core offerings.

28.     Plaintiff intends to revisit both websites once they are made accessible. Her intent is not speculative—it is driven by necessity. Youth To The People and CeraVe offer proprietary tools, curated bundles, and ingredient education essential to her personal care and digital independence. No alternative platform offers the same depth of engagement or tailored product matching.

29.     Plaintiff has standing to bring this action because she personally attempted to access both websites, encountered systemic barriers, and remains unable to engage with their services without sighted assistance. She seeks injunctive relief to ensure equal access for herself and similarly situated individuals.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff Jessica Towns brings this action on behalf of herself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and

23(b)(2): all legally blind individuals in the United States who have attempted to access www.youthtothepeople.com and www.cerave.com and were denied equal access to their products, services, and support due to persistent digital accessibility barriers during the relevant statutory period.

31.     Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.youthtothepeople.com or www.cerave.com and were similarly denied equal access to their offerings due to the same systemic barriers.

32.     Common questions of law and fact exist among the Class, including:

- Whether www.youthtothepeople.com and www.cerave.com qualify as "public accommodations" under Title III of the ADA
- Whether Defendant's websites constitute "places or providers of public accommodation" under the NYCHRL
- Whether www.youthtothepeople.com and www.cerave.com qualifies as a "public accommodations" under Title III of the ADA;
- Whether Defendant's Websites constitutes "place(s) or providers of public accommodations" under the NYCHRL;
- Whether the website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Loreal's products, services, and support;
- Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace.

33.     Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms. She encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls,

and unreadable product specifications—that affect all Class members.

34.     Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

35.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the website's accessibility barriers.

36.     Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

37.     Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.youthtothepeople.com or www.cerave.com and faced exclusion.

### FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.*)**

38.     Plaintiff, JESSICA TOWNS, on behalf of herself and the Class Members, repeats and  realleges every allegation of the preceding paragraphs as if fully set forth herein.

39.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

40.    Defendant's  Website that is offered as a link to the company is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

41.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

42.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

43.    The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other

patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

44.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

45.     Plaintiff, JESSICA TOWNS, on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

46.     At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

47.     Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

48.     Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Websites, within the meaning of Article 15 of N.Y. Executive Law § 292(9).  Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

49.     Plaintiff has visited the Websites on a number of occasions and has encountered barriers to her access that exist.

50.     Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

51.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

52.     Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Websites in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Websites when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

14

53.    The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

54.    Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1").  WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

55.    Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

56.    Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

57.    Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

15

### THIRD CAUSE OF ACTION
**(Violation of New York State Civil Rights)**
**("NYCRL")**

58.    Plaintiff, JESSICA TOWNS, on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

59.    Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

60.    Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

61.    No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

62.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

63.    Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as

16

Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

64.    Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

65.    Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

66.    Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

67.    Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

## FOURTH CAUSE OF ACTION
### (Violations of the New York City Human Rights Law)
### ("NYCHRL")

68.    Plaintiff, JESSICA TOWNS, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

69.    N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee,

proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

70.    Defendant is subject to NYCHRL because it owns and operates the Websites www.youthtothepeople.com and www.cerave.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

71.    Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to www.youthtothepeople.com and www.cerave.com, causing the Websites and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

72.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

73.    Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a.    constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b.    constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c.    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

74.    Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

75.    As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Websites under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

76.    Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

77.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

78.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

79.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

80.    Plaintiff, JESSICA TOWNS, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

81.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

82.    A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with

20

Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f.    Pre-judgment and post-judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.    Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
      October 9, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com

21